E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorney
Violent & Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     Facsimile: (213) 894-0141
     E-mail:   Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>NESTOR MATZUY LOPEZ JR.,<br>   aka "Huero,"<br><br>          Defendant. | CR No. 22-00106-DSF<br><br><u>PLEA AGREEMENT FOR DEFENDANT</u><br><u>NESTOR MATZUY LOPEZ JR.</u> |

1.   This constitutes the plea agreement between Nestor Matzuy
Lopez Jr., also known as "Huero" ("defendant") and the United States
Attorney's Office for the Central District of California (the "USAO")
in the above-captioned case.  This agreement is limited to the USAO
and cannot bind any other federal, state, local, or foreign
prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and
provided by the Court, appear and plead guilty to Count Two of the
Indictment in <u>United States v. Nestor Matzuy Lopez Jr.</u>, CR No. 22-

00106-DSF, which charges defendant with Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

THE USAO'S OBLIGATIONS

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the Indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

2

Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.   Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 31 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSE</u>

4.   Defendant understands that for defendant to be guilty of the crime charged in Count Two, that is, Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), the following must be true: (1) defendant knowingly distributed methamphetamine; and (2) defendant knew it was methamphetamine or another federally controlled substance.

5.   Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant distributed at least 50 grams of methamphetamine.

<u>PENALTIES</u>

6.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1),

3

1    (b)(1)(A)(viii), is: life imprisonment; a lifetime period of

2    supervised release; a fine of $250,000 or twice the gross gain or

3    gross loss resulting from the offense, whichever is greatest; and a

4    mandatory special assessment of $100.

5         7.    Defendant understands that the statutory mandatory minimum

6    sentence that the Court must impose for a violation of 21 U.S.C.

7    §§ 841(a)(1), (b)(1)(A)(viii), is: 10 years' imprisonment, followed

8    by a 5-year period of supervised release, and a mandatory special

9    assessment of $100.

10        8.    Defendant understands that under 21 U.S.C. § 862a,

11   defendant will not be eligible for assistance under state programs

12   funded under the Social Security Act or Federal Food Stamp Act or for

13   federal food stamp program benefits, and that any such benefits or

14   assistance received by defendant's family members will be reduced to

15   reflect defendant's ineligibility.

16        9.    Defendant understands that supervised release is a period

17   of time following imprisonment during which defendant will be subject

18   to various restrictions and requirements.  Defendant understands that

19   if defendant violates one or more of the conditions of any supervised

20   release imposed, defendant may be returned to prison for all or part

21   of the term of supervised release authorized by statute for the

22   offense that resulted in the term of supervised release.

23        10.   Defendant understands that, by pleading guilty, defendant

24   may be giving up valuable government benefits and valuable civic

25   rights, such as the right to vote, the right to possess a firearm,

26   the right to hold office, and the right to serve on a jury.

27   Defendant understands that he is pleading guilty to a felony and that

28   it is a federal crime for a convicted felon to possess a firearm or

4

1    ammunition.  Defendant understands that the conviction in this case

2    may also subject defendant to various other collateral consequences,

3    including but not limited to revocation of probation, parole, or

4    supervised release in another case and suspension or revocation of a

5    professional license.  Defendant understands that unanticipated

6    collateral consequences will not serve as grounds to withdraw

7    defendant's guilty plea.

8       11.  Defendant and his counsel have discussed the fact that, and

9    defendant understands that, if defendant is not a United States

10    citizen, the conviction in this case makes it practically inevitable

11    and a virtual certainty that defendant will be removed or deported

12    from the United States.  Defendant may also be denied United States

13    citizenship and admission to the United States in the future.

14    Defendant understands that while there may be arguments that

15    defendant can raise in immigration proceedings to avoid or delay

16    removal, removal is presumptively mandatory and a virtual certainty

17    in this case.  Defendant further understands that removal and

18    immigration consequences are the subject of a separate proceeding and

19    that no one, including his attorney or the Court, can predict to an

20    absolute certainty the effect of his convictions on his immigration

21    status.  Defendant nevertheless affirms that he wants to plead guilty

22    regardless of any immigration consequences that his plea may entail,

23    even if the consequence is automatic removal from the United States.

24                         <u>FACTUAL BASIS</u>

25       12.  Defendant admits that defendant is, in fact, guilty of the

26    offense to which defendant is agreeing to plead guilty.  Defendant

27    and the USAO agree to the statement of facts provided below and agree

28    that this statement of facts is sufficient to support a plea of

guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On October 5, 2021, in Los Angeles County, within the Central District of California, defendant knowingly sold approximately 445 grams of methamphetamine to a person he thought was a drug customer, but who was actually an undercover law enforcement agent (the "UC"). During the sale, defendant introduced the UC to an unindicted co-conspirator, and said that the unindicted co-conspirator could sell five to ten pounds of methamphetamine at a time.

Between September 8, 2021, and January 26, 2022, defendant also sold to the UC 26 guns, multiple machine gun conversion kits, 1.6 grams of cocaine, and 952 tablets of a mixture and substance containing fentanyl that weighed 90.9 grams.

<u>SENTENCING FACTORS</u>

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

14.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. § 2D1.1(c)(3)[1] |
| Possession of Dangerous Weapons | +2 | U.S.S.G. § 2D1.1(b)(1) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

15.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.   Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.   The right to persist in a plea of not guilty.

      b.   The right to a speedy and public trial by jury.

      c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be

---

[1] 445 grams of actual methamphetamine, 90.9 grams of a mixture and substance containing fentanyl, and 1.628 grams of cocaine equals 9,127 kilograms of marijuana, corresponding to a base offense level of 32.

represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

18.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

1    <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

2    19.  Defendant agrees that, provided the Court imposes a total

3    term of imprisonment on the count of conviction of no more than the

4    higher of (1) the high end of the Guidelines range corresponding to a

5    total offense level of 31 and defendant's criminal history category

6    as calculated by the Court, or (2) any applicable mandatory minimum

7    sentence, defendant gives up the right to appeal all of the

8    following: (a) the procedures and calculations used to determine and

9    impose any portion of the sentence; (b) the term of imprisonment

10   imposed by the Court; (c) the fine imposed by the Court, provided it

11   is within the statutory maximum; (d) to the extent permitted by law,

12   the constitutionality or legality of defendant's sentence, provided

13   it is within the statutory maximum; (e) the term of probation or

14   supervised release imposed by the Court, provided it is within the

15   statutory maximum; and (f) any of the following conditions of

16   probation or supervised release imposed by the Court: the conditions

17   set forth in Second Amended General Order 20-04 of this Court; the

18   drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and

19   3583(d); and the alcohol and drug use conditions authorized by 18

20   U.S.C. § 3563(b)(7).

21   20.  The USAO agrees that, provided (a) all portions of the

22   sentence are at or above the statutory minimum and at or below the

23   statutory maximum specified above and (b) the Court imposes a term of

24   imprisonment of no less than the low end of the Guidelines range

25   corresponding to a total offense level of 31 and defendant's criminal

26   history category as calculated by the Court, or the mandatory minimum

27   sentence, whichever is higher, the USAO gives up its right to appeal

28   any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

23.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action

1   against defendant, and defendant waives and gives up any claim under

2   the United States Constitution, any statute, Rule 410 of the Federal

3   Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

4   Procedure, or any other federal rule, that the statements or any

5   evidence derived from the statements should be suppressed or are

6   inadmissible.

7                   COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

8                                   OFFICE NOT PARTIES

9        26.  Defendant understands that the Court and the United States

10  Probation and Pretrial Services Office are not parties to this

11  agreement and need not accept any of the USAO's sentencing

12  recommendations or the parties' agreements to facts or sentencing

13  factors.

14       27.  Defendant understands that both defendant and the USAO are

15  free to: (a) supplement the facts by supplying relevant information

16  to the United States Probation and Pretrial Services Office and the

17  Court, (b) correct any and all factual misstatements relating to the

18  Court's Sentencing Guidelines calculations and determination of

19  sentence, and (c) argue on appeal and collateral review that the

20  Court's Sentencing Guidelines calculations and the sentence it

21  chooses to impose are not error, although each party agrees to

22  maintain its view that the calculations in paragraph 14 are

23  consistent with the facts of this case.  While this paragraph permits

24  both the USAO and defendant to submit full and complete factual

25  information to the United States Probation and Pretrial Services

26  Office and the Court, even if that factual information may be viewed

27  as inconsistent with the facts agreed to in this agreement, this

28

1   paragraph does not affect defendant's and the USAO's obligations not

2   to contest the facts agreed to in this agreement.

3       28.  Defendant understands that even if the Court ignores any

4   sentencing recommendation, finds facts or reaches conclusions

5   different from those agreed to, and/or imposes any sentence up to the

6   maximum established by statute, defendant cannot, for that reason,

7   withdraw defendant's guilty plea, and defendant will remain bound to

8   fulfill all defendant's obligations under this agreement.  Defendant

9   understands that no one -- not the prosecutor, defendant's attorney,

10  or the Court -- can make a binding prediction or promise regarding

11  the sentence defendant will receive, except that it will be between

12  the statutory mandatory minimum and within the statutory maximum.

13                        <u>NO ADDITIONAL AGREEMENTS</u>

14      29.  Defendant understands that, except as set forth herein,

15  there are no promises, understandings, or agreements between the USAO

16  and defendant or defendant's attorney, and that no additional

17  promise, understanding, or agreement may be entered into unless in a

18  writing signed by all parties or on the record in court.

19  //

20  //

21  //

22

23

24

25

26

27

28

1                  PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          30.   The parties agree that this agreement will be considered

3     part of the record of defendant's guilty plea hearing as if the

4     entire agreement had been read into the record of the proceeding.

5     AGREED AND ACCEPTED

6     UNITED STATES ATTORNEY'S OFFICE
      FOR THE CENTRAL DISTRICT OF
7     CALIFORNIA

8     E. MARTIN ESTRADA
      United States Attorney

9

10    _Jeremiah Levine_____          10/28/24
      JEREMIAH LEVINE                        Date
11    Assistant United States Attorney

12

13    _____          10.28.24
14    NESTOR MATZUY LOPEZ JR.                 Date
      Defendant

15

16

17    _____          10/28/24
      NADINE HETTLE                          Date
18    Deputy Federal Public Defender
      Attorney for Defendant Nestor
19    Matzuy Lopez Jr.

20

21              [ADDITIONAL CERTIFICATIONS ON FOLLOWING PAGES]

22

23

24

25

26

27

28

                                    14

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          10·28·24
NESTOR MATZUY LOPEZ JR.                   Date
Defendant

15

1

<u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2      I am Nestor Matzuy Lopez Jr.'s attorney.  I have carefully and

3 thoroughly discussed every part of this agreement with my client.

4 Further, I have fully advised my client of his rights, of possible

5 pretrial motions that might be filed, of possible defenses that might

6 be asserted either prior to or at trial, of the sentencing factors

7 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this agreement.

9 To my knowledge: no promises, inducements, or representations of any

10 kind have been made to my client other than those contained in this

11 agreement; no one has threatened or forced my client in any way to

12 enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the factual basis set

14 forth in this agreement is sufficient to support my client's entry of

15 a guilty plea pursuant to this agreement.

16

17

18 NADINE HETTLE                                      Date
Deputy Federal Public Defender
19 Attorney for Defendant Nestor
Matzuy Lopez Jr.

20

21

22

23

24

25

26

27

28