JOSEPH T. MCNALLY
Acting United States Attorney
LYNDSEY G. DOTSON
Assistant United States Attorney
Chief, Criminal Division
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorney
Violent and Organized Crime Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:     (213) 894-8323
     Facsimile:     (213) 894-0141
     E-mail:   Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 22-CR-106-DSF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT NESTOR MATZUY LOPEZ |
| v. | Sentencing Date: February 24, 2025 |
| NESTOR MATZUY LOPEZ, | Sentencing Time: 8:30 AM |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Jeremiah Levine, hereby files its sentencing position regarding defendant Nestor Matzuy Lopez.

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Investigation Report and Recommendation Letter prepared by the United States Probation Office, and any other evidence or argument that the Court may wish to consider at the time of sentencing.  The government respectfully requests the opportunity to supplement its position or respond to defendant as may become necessary.

Dated: January 21, 2025        Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LYNDSEY G. DOTSON
Assistant United States Attorney
Chief, Criminal Division

_____/s/ Jeremiah Levine_____
JEREMIAH LEVINE
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

2

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Defendant Nestor Matzuy Lopez ("defendant") sold high caliber guns and fentanyl, as well as many other guns and drugs.  In total, he sold approximately 26 guns, multiple machine gun conversion kids, 445 grams of methamphetamine, 90.9 grams of fentanyl, and 1.6 grams[1] of cocaine to an undercover agent between September 8, 2021, and January 26, 2022.  Based on the severity of the crime and the mitigating factors identified below, a sentence at the low end of the Guidelines range is appropriate.

Defendant has pleaded guilty to distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1),(b)(1)(A)(viii).  The Presentence Investigation Report ("PSR") issued by the United States Probation Office ("USPO") calculates a Guidelines range of 120 to 135 months' imprisonment based on a mandatory minimum sentence of 120 months, an offense level of 31, and a criminal history category of one.  (PSR ¶ 152.)  The USPO recommends a sentence of 120 months' imprisonment, five-years' supervised release, and a $100 special assessment.  (Recommendation Letter filed at docket 64 ("Rec. Letter") at 1-2.)

The government concurs with the USPO's Guidelines calculation and recommendation.  The sentence is appropriate because the defendant committed serious crimes and because of mitigating factors including his young age, supportive family, strong work history, and efforts at drug addiction recovery, which are circumstances

---

[1] This is the weight of pure cocaine in the mixture and substance defendant sold.  The Presentence Investigation Report references 3.6 grams of cocaine, which is the weight of the entire mixture and substance defendant sold.

indicating a good possibility for rehabilitation into a safe and productive member of society.

## II. OFFENSE CONDUCT

As detailed in the plea agreement:

> On October 5, 2021, in Los Angeles County, within the Central District of California, defendant knowingly sold approximately 445 grams of methamphetamine to a person he thought was a drug customer, but who was actually an undercover law enforcement agent (the "UC"). During the sale, defendant introduced the UC to an unindicted co-conspirator, and said that the unindicted co-conspirator could sell five to ten pounds of methamphetamine at a time.

> Between September 8, 2021, and January 26, 2022, defendant also sold to the UC 26 guns, multiple machine gun conversion kits, 1.6 grams of cocaine, and 952 tablets of a mixture and substance containing fentanyl that weighed 90.9 grams.

(Dkt. 58 ¶ 12.)

## III. GUIDELINES CALCULATION

The USPO determined that defendant has a criminal history score of zero and falls within criminal history category one. (PSR ¶ 106.) The United States concurs with this calculation.

The USPO also calculates a total offense level of 25, calculated as follows:

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. § 2D1.1(c)(4) |
| Possession of Dangerous Weapons | 2 | U.S.S.G. § 2D1.1(b)(1) |
| Acceptance of responsibility: | -3 | U.S.S.G. §§ 3E1.1(a), (b) |

4

Total offense level:    31

Based on a total offense level of 31 and a criminal history category of one, the USPO calculates defendant's Guidelines range as 120 to 135 months.  (PSR ¶ 152.)  Defendant's Guidelines also call for a supervised release term of five years.  (PSR ¶ 154.)  The government concurs with the USPO's Guidelines calculation.

**IV.  A 120-MONTH SENTENCE IS APPROPRIATE BASED ON THE RECORD AS A WHOLE**

Based on the calculations above and the factors set forth in 18 U.S.C. § 3553(a), the government recommends that defendant be sentenced to 120 months' imprisonment; a five-year period of supervised release; and a $100 special assessment.  This sentence accounts for both the aggravating and mitigating circumstances in this case.

The recommended sentence is supported by defendant's wrongful conduct.  Defendant distributed a significant number of firearms: 26 in total.  (Dkt. 58 ¶ 12.)  He distributed machine gun conversion kits (id.); high caliber rifles (PSR ¶ 21); and ghost guns (id. ¶ 48.)  And defendant also distributed a significant amount of methamphetamine, plus fentanyl and cocaine.  Defendant was therefore a source for highly dangerous criminal threats.  That means that the nature and circumstances of defendant's crimes are serious and call for a Guidelines sentence, albeit one at the low end of the Guidelines range.

There are also important mitigating factors present.  Defendant has no criminal history points, meaning he is not a hardened criminal who will necessarily imperil the public.  (PSR ¶ 106.)  He is a young man, only 25 years old.  (Id. p. 2.)  His employers report that

5

defendant is a reliable worker.  (Id. ¶ 119-120.)  And defendant has a supportive family.  (Id. ¶ 112-118.)  Defendant's history and characteristics therefore indicate a good chance for defendant's rehabilitation into a peaceful and productive member of society.

Defendant reports that he committed the instant offenses due to a resigned attitude after his brother was murdered.  (Id. ¶ 68.)  The instant offense also occurred during a period of drug use.  (Id. ¶ 131.)  Defendant has begun drug treatment and remains interested in pursuing it.  (Id. ¶ 128-129.)  These factors also indicate that defendant may be rehabilitated, which calls for a low-end sentence.

Finally, defendant should be sentenced to five years' supervised release.  Given defendant's youth and relapses into drug use during pretrial release, he will need the structure of supervised release to reenter civilian life.

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully requests the imposition of a low-end sentence of 120 months' imprisonment, a five-year term of supervised release, a mandatory special assessment of $100, and otherwise in accord with the recommendations of the USPO.